# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400

DIRECT DIAL
(212) 826-5337
Ajbosco@zeklaw.com

WWW.ZEKLAW.COM

January 25, 2021

**BY ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**Securities and Exchange Commission v. Terrence Chalk et. al.**
**Case No. 1:20-cv-09199-PGG**
**Defendants' Request for Pre-Motion Conference**

Dear Judge Gardephe:

We are counsel to defendants Terrence Chalk a.k.a. "Dr. Terrence Cash," ("Chalk" or "Defendant") Greenlight Advantage Group Inc., Greenlight Business Solutions Inc., Greenlight Consulting Corp., and Greenlight Investment Partners Inc. ("Greenlight Defendants") (collectively "Defendants") in the above referenced action.

Defendants' deadline to answer or otherwise respond is February 18, 2021. In accordance with Your Honor's rules, we are writing to respectfully request a pre-motion conference so Defendants may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**Grounds for Motion to Dismiss**

Plaintiff, the Securities and Exchange Commission ("Plaintiff or "the SEC"), alleges that Defendants engaged in fraud and made misleading statements in violation of §§ 10(b) and 10b-5 of the Exchange Act, §§ 5(a), 5(c) and 17(a) of the Securities Act, and § 206(1) and (2) of the Advisers Act. Considering only the factual allegations in the complaint and recognizing the Court must accept as true all facts alleged and draw reasonable inference in favor of plaintiff, the complaint fails to adequately allege conscious misbehavior to support fraud-based violations of the Exchange Act or the Securities Act. As the complaint fails to specifically state with particularity the circumstances constituting the alleged fraud, Defendants intend to move to dismiss the fraud-based causes of action based on violations of the Exchange Act and the Securities Act based on F.R.C.P.9(b).

ZEICHNER ELLMAN & KRAUSE LLP

Judge Paul G. Gardephe
January 25, 2021
Page 2

F. R. C.P. 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." The purpose of Rule 9(b) is to provide detailed notice of a fraud claim to a defending party. 2 Moore's Federal Practice - Civil § 9.03. Plaintiff's complaint does not meet this standard because it fails to state with particularity the circumstances constituting the alleged fraud. Nor does the complaint provide sufficiently detailed or particular facts to show Defendants intended to defraud anyone. Lundy v. Catholic Health Sys., 711 F.3d 106, 119 (2d Cir. 2013). (To comply with Rule 9(b) a "complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.")

The SEC's complaint fails this standard. It is replete with vague, indistinguishable time frames that make it difficult for Defendants to know the circumstances constituting the alleged fraud. For example, many claims about when Defendants allegedly made misleading statements contain indistinct timeframes like "In or around 2016 (complaint ¶ 30) and "in or around early 2017" (complaint ¶ 41). Many other allegations contain no reference to the time at all. For example, the complaint alleges that "one investor incurred a $130,000 penalty for withdrawing money from a pension account, after Chalk told the investor that, by investing in the Chairman's Fund, he would make up the loss within a year" (complaint ¶ 52), without stating when. In paragraph 60 of the complaint, plaintiff vaguely avers "On occasion, Chalk promised investors that he would use their money to make a specific type of investment." Without indications of when, where and how Defendants made misstatements or how many misstatements they allegedly made plaintiff cannot meet Rule 9(b)'s standard of providing defendants with detailed notice of the fraud claims plaintiff is making against them.

The identity of persons to whom defendants alleged made misstatements is equally murky. The complaint alleges "Chalk and the Greenlight Issuers sold investments …to approximately 40 investors" (complaint ¶¶ 9 and 58), yet it refers to only three specific, but unnamed, investors. In another example of scanty facts, the complaint asserts Chalk instructed 26 investors to liquidate their existing retirement accounts and transfer the proceeds to a self-directed IRA custodian (complaint ¶ 49) but once again fails to identify any of the 26. Without knowing more about those to whom Defendants allegedly made misstatements, Defendants cannot adequately defend themselves.

Regarding the Greenlight Defendants, the complaint does not specify how, when or to whom each entity made allegedly false or misleading statements. The bulk of the allegation against the Greenlight Defendants are contained in paragraphs 71 through 81. Nowhere in these paragraphs does plaintiff state when, where, how, or to whom the Greenlight Defendants made false or misleading statements. Nor do the statements

ZEICHNER ELLMAN & KRAUSE LLP

Judge Paul G. Gardephe
January 25, 2021
Page 3

allegedly made through the Greenlight Defendants contain specifically detailed allegations of fraud that satisfy Rule 9(b)'s particularity requirement.

      We have conferred with Plaintiff's counsel Mark Sylvester and he does not consent to the motion.

      We have further conferred with Plaintiff's counsel Mark Sylvester and, if the Court grants Defendants' request to file a motion to dismiss, the parties request the following briefing schedule: Defendants will have 30 days to file their motion to dismiss; Plaintiff will have 40 days to file its opposition to the motion and Defendants will have 10 days to file any reply.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/ A.J. Bosco

cc:    Plaintiff's counsel by ECF

4817-7417-9801, v. 1