## ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10036

TEL: (212) 223-0400

DIRECT DIAL
(212) 826-5337
Ajbosco@zeklaw.com

WWW.ZEKLAW.COM

February 18, 2021

**BY ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

MEMO ENDORSED:
Defendant has moved for a stay of this SEC enforcement action,
given that he faces a parallel criminal case based on the same
alleged conduct. The SEC takes no position on Defendant's stay
motion. (Dkt. No. 27) Defendant's application is granted for the
reasons set forth in his February 18, 2021 letter (Dkt. No. 26).

SO ORDERED.

_Paul G. Gardephe_

Paul G. Gardephe
United States District Judge

**Securities and Exchange Commission v. Terrence C**
**Case No. 1:20-cv-09199-PGG**
**Defendants' Motion for a Stay**

Dear Judge Gardephe:

March 1, 2021

We are counsel to defendants Terrence Chalk a.k.a. "Dr. Terrence Cash," ("Chalk"
or "Defendant") Greenlight Advantage Group Inc., Greenlight Business Solutions Inc., Greenlight
Consulting Corp., and Greenlight Investment Partners Inc. ("Greenlight Defendants") (collectively
"Defendants") in the above referenced action. During the February 11, 2021 initial pre-trial
conference (the "February 11 Conference") in this matter, the Court expressed its inclination to stay
this matter and granted defendants permission to submit a motion to stay. Accordingly, Defendants
respectfully move the court to stay this matter.

### POINT I
### BACKGROUND

In a complaint (the "Complaint") filed on November 4, 2020 (Dkt. 5) Plaintiff, the
Securities and Exchange Commission ("Plaintiff" or the "SEC"), alleged that Defendants engaged
in fraud and made misleading statements in violation of §§ 10(b) and 10b-5 of the Securities
Exchange Act of 1934, §§ 5(a), 5(c) and 17(a) of the Securities Act of 1933, and § 206(1) and (2) of
the Advisers Act of 1940.

On November 2, 2020, the Department of Justice ("Department") filed a complaint
against Chalk, based on the same conduct described in the SEC complaint, charging him with
one count of Securities Fraud and one count of Wire Fraud in violation of 15 U.S.C. §§78j(b) & 78ff; 17
C.F.R. §§ 240.10b-5; and 18 U.S.C. §§ 1343 and 2. *United States v. Terrence Chalk*, 21-cr-00049-
ALC (Dkt. 1). On January 27, 2021, the Department filed an indictment against Chalk (Dkt. 9),
charging him with the same crimes listed in its complaint.

Z E I C H N E R  E L L M A N  &  K R A U S E  LLP

Honorable Paul G. Gardephe
February 18, 2021
Page 2

## POINT II.
## FACTORS FOR THE COURT TO BALANCE IN DECIDING THE MOTION

Every court has the inherent authority to control its docket.  Incidental to this authority is the power to stay cases.  *Louis Vuitton Malletier S.A. v. LY USA, Inc*., 676 F.3d 83, 96 (2d Cir. 2012)  ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).)  In exercising their inherent power, federal courts "have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense." *United States v. Kordel*, 397 U.S. 1, 12 n.27, (1970) (citations omitted) (collecting cases).

While the court has the right to issue a stay, it must examine the particular circumstances and competing interests presented in each case.  The party "seeking a stay bears the burden of establishing its need."  *Louis Vuitton*, at 97 (internal quotation marks and citation omitted).  In deciding whether to stay civil proceedings pending imminent criminal proceedings, district courts in the Second Circuit consider and balance six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the criminal case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id*. at 97, *SEC v. CKB168 Holdings, Ltd.*, 2016 U.S. Dist. LEXIS 2359, *6-7 (E.D.N.Y, Jan. 6, 2016), SEC v. Shkreli*, 2016 U.S. Dist. LEXIS 36734 (E.D.N.Y. 2016 Mar. 22, 2016).

As shown below, considered individually, each of the six factors favor a stay.  When considered together, the Court can reach only one conclusion – the stay should be granted.

## A.      The Extent to which Issues Overlap

Courts recognize the extent to which issues overlap as a particularly significant factor when considering a motion to stay. Indeed, courts in this circuit have ruled it is the most important consideration. *Harris v. Nassau Cnty*., 2014 U.S. Dist. LEXIS 94554, at *3 (E.D.N.Y. 2014 July 11, 2014) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues.")  Accord *In re 650 Fifth Ave*., 2011 U.S. Dist. LEXIS 91363 at *3 (S.D.N.Y. Aug. 12, 2011).

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Paul G. Gardephe
February 18, 2021
Page 3

In this case, the SEC's Complaint and the Indictment base their allegations on the same conduct.  For example, the Complaint alleges that "From at least 2017 through 2020, Chalk recommended, offered, and sold securities related to investments in a fictitious 'Chairman's Fund' to his advisory clients and others. Chalk marketed investments in this purported 'Chairman's Fund' using the name 'Greenlight.'" (Complaint ¶ 6), while the Indictment states, "From at least in or about 2017 through in or about October 2020, TERRENCE CHALK, a/k/a 'Terrence Cash, 'a/k/a 'Dr . Cash,' the defendant , solicited money from clients of Greenlight and falsely promised to invest their money in various business ventures through the Chairman's Fund" (Indictment ¶ 3). Additionally, the Complaint avers "Chalk falsely described the Chairman's Fund in marketing materials as an 'elite' fund of funds which provided a 'special and exclusive investment opportunity [that] regularly delivers quarterly cash dividends that average between 12%-77% per year,' and 'no less than 12% per year" (Complaint ¶ 8), while the Indictment alleges "To induce Greenlight customers to join the Chairman's fund , TERRENCE CHALK , a/k/a 'Terrence Cash,' a/k/a 'Dr . Cash,' the defendant, falsely claimed that he would invest their money in ventures that would generate a guaranteed, fixed return, often in excess of 12 percent annually, to be paid by check on a quarterly basis" (Indictment ¶ 4).  The similarity and overlap between the two proceedings strongly weigh in favor of a stay.

**B.     Status of the Criminal Case**

Courts in this circuit have routinely ruled that a defendant's indictment in a related criminal proceeding is one of the strongest arguments favoring a stay of the attendant civil case. *Hicks v. City of New York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003); see also *Louis Vuitton*, 676 F.3d at 101 (recognizing that indictment in parallel criminal proceeding "supported the entry of a stay") and *Volmar Distributors, Inc. v. New York Post Co., Inc*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("The strongest case for granting a stay is where, as here, a party under criminal indictment is required to defend a civil proceeding involving the same matter.")  Therefore, this factor favors the motion to stay.

**C.     Prejudice to Plaintiff**

During the February 11 Conference, counsel for Plaintiff said the SEC would take no position on the stay.  Consequently, staying the civil case would neither burden nor prejudice Plaintiff.  See, *SEC v. Syndicated Food Serv. Int'l*, 2004 U.S. Dist. LEXIS 31717 (E.D.N.Y. Aug. 26, 2004) ("[A] stay of discovery would not prejudice the plaintiffs in the civil case, as evidenced by the fact that the SEC does not oppose the USAO's motion.")  See also *SEC v. Treadway*, 2005 U.S. Dist. LEXIS 4951, at *3 (S.D.N.Y. Mar. 30, 2005) (stating that where the SEC takes no position on a Government motion for a stay, it "has not articulated an interest that requires consideration.")  Thus, this factor too militates for granting a stay.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Paul G. Gardephe
February 18, 2021
Page 4

**D.     The Burden on Defendants**

There will be no burden on Defendants if the Court grants this motion.  In fact, Defendants' rights in the criminal matter may be harmed in the absence of a stay.  For example, because of the pending criminal matter, Defendants would need to either provide discovery to Plaintiff that could find its way to the Department, and thus prematurely expose the Defendants' criminal defense strategy, or force Chalk to assert his Fifth Amendment right against self-incrimination to preserve his right to remain silent in the criminal proceeding, exposing him to an adverse inference in this case.  See *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) ("A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution.")  Accordingly, this factor supports the Defendants' motion.

**E.     Interests of the Court**

By staying the civil action, the Court can "avoid a duplication of efforts and a waste of judicial time and resources." *SEC v. Shkreli*, 2016 U.S. Dist. LEXIS 36734, at *6 (E.D.N.Y. Mar. 22, 2016) (citation omitted), *Volmar*, 152 F.R.D. at 42 (granting complete stay of civil proceedings pending outcome of parallel criminal prosecutions in part to "avoid duplication of effort and unnecessary litigation costs.")  In the event that Defendants' criminal case resolves issues of fact common to both matters a stay will reduce the number of issues the Court needs to decide in this case.  Moreover, if Defendants are convicted of the crimes alleged in the Indictment, they will be collaterally estopped from contesting the allegations contained in the Complaint.  *SEC v. Contorinis*, 2012 U.S. Dist. LEXIS 19961, 2012 WL 512626, at *3 (S.D.N.Y. 2012).  Therefore, the Court's interest in "efficient use of judicial resources" *Shkreli*, 2016 U.S. Dist. LEXIS 36734, at *6 (citation omitted), is best served by granting Defendants' motion.

**F.     Public Interest**

Consideration of the public interest strongly favors granting the motion for a stay.  While the public has a concern in the SEC's mission to protect investors, in this instance the pending criminal prosecution advances the exact same interest.  *Volmar*, 152 F.R.D. at 40; see *also S.E.C. v. McGinnis*, 2016 U.S. Dist. LEXIS 17366, at *3 (D. Vt. Feb. 12, 2016), (granting stay of SEC action, in part, because the "public's interest in the integrity of the [parallel] criminal case is entitled to precedence over the civil litigant" (internal quotation marks and citation omitted)).  Furthermore, permitting the SEC's case to go forward could result in the circumvention of limitations on discovery in the criminal matter.  *Treadway*, 2005 U.S. Dist. LEXIS 4951, at *2-3 (S.D.N.Y. Mar. 30, 2005).  See also *Morris v. Am. Fed'n of State, Cnty. & Mun. Emps.*, 2001 U.S. Dist. LEXIS 1208, at *2 (S.D.N.Y. Feb. 9, 2001) ("The public has an interest in ensuring the criminal discovery process is not subverted.")  Once again, this factor supports Defendants' motion to stay.

Z EICHNER  E LLMAN  &  K RAUSE LLP

Honorable Paul G. Gardephe
February 18, 2021
Page 5

### **CONCLUSION**

When considered together, these six factors strongly favor a stay. The substantial overlap of the issues in the two actions; the post-indictment status of the criminal case; the SEC's lack of opposition to the proposed stay; the court's interest in the efficient resolution of the two proceedings; and the public interest in unobstructed enforcement of the criminal law all weigh in favor of a stay of the SEC's civil action. Based on these arguments, Defendants respectfully request the court to grant their motion to stay this matter.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/    *A. J. Bosco*

Anthony J. Bosco

cc:    Plaintiff's counsel (by ECF)
4851-2638-3069, v. 1